Alan Adelman, State Bar No. 170860
LAW OFFICES OF ALAN ADELMAN
240 Stockton St., 9th Floor
Union Square
San Francisco, CA 94108
Telephone: 415.956.1360
Facsimile: 415.625.1339
Email: alan@alanadelmanlaw.com

ELIZABETH S. MANCL, State Bar No. 191844
508 Forbes Ave., 2nd Fl. South
Yuba City, CA 95991
Telephone: 530-751-1695
Facsimile: 530-751-2384
Email: bethmancl@prodigy.net

Attorneys for Plaintiff Sujla Maharaj

Jeffrey L. Fillerup, State Bar No. 120543
Jennifer C. Hayes, State Bar No. 197252
Andrew S. Azarmi, State Bar No. 241407
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
Rincon Center II, 121 Spear Street, Suite 200
San Francisco, California 94105-1582
Telephone No.: 415.356.4600
Fax No.: 415.356.3881
Email: jfillerup@luce.com
       jhayes@luce.com
       aazarmi@luce.com

Attorneys for Defendant California Bank & Trust

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUJLA MAHARAJ,<br><br>        Plaintiff,<br><br>v.<br><br>CALIFORNIA BANK & TRUST,<br><br>        Defendant. | Case No. 2:11-CV-00315-GEB-EFB<br><br>**ORDER APPROVING STIPULATION FOR PROTECTIVE ORDER RE PLAINTIFF'S MEDICAL RECORDS AND INFORMATION**<br><br>Complaint Filed:  February 3, 2011 |

Upon due consideration and based upon the Stipulation for Protective Order entered into by and between Plaintiff Sujla Maharaj ("Plaintiff") and Defendant California Bank & Trust ("CBT") and filed on February 2, 2012, the Court finds and determines as follows:

1. Pursuant to Federal Rule of Civil Procedure 26(c) and Civil Local Rule 141.1, the Stipulation for Protective Order is approved in its entirety and is incorporated herein by reference. Capitalized terms used in this Protective Order shall have the same definition as provided in the Stipulation for Protective Order.

2. This Protective Order applies to all Confidential Information, unless the Court determines otherwise pursuant to a separate order.

3. Entry of this Protective Order by the Court entitles and authorizes a recipient of a subpoena or a discovery request that seeks Sujla Maharaj's medical records or health information to disclose and produce such information even though that information includes Confidential Information, Individually Identifiable Health Information and/or Protected Health Information. The Stipulation for Protective Order defines "Confidential Information", "Individually Identifiable Health Information", "Protected Health Information", and several other terms as follows:

> (a) <u>Confidential Information</u>: Protected Health Information (regardless of how it is generated, stored, or maintained) that is designated pursuant to this Stipulation as "**CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER**".
>
> (b) <u>Discovery Material</u>: all information or items, regardless of the medium or manner in which it is generated, stored, or maintained, that is produced or generated in responses to discovery in this matter.
>
> (c) <u>Individually Identifiable Health Information</u>: Individually Identifiable Health Information has the meaning given such term in 45 C.F.R. § 160.103 and is a subset of health information, including demographic information collected from Sujla Maharaj, that:
>
>> (1) is created or received by a health care provider, health plan, employer, or health care clearinghouse; and
>> (2) relates to the past, present or future physical or mental health or condition of Sujla Maharaj; the provision of health care to Sujla Maharaj; or the past, present or future payment for the provision of health care to Sujla Maharaj; and
>>> (i) that identifies Sujla Maharaj; or
>>> (ii) with respect to which there is a reasonable basis to believe the information can be used to identify Sujla Maharaj.

(d) <u>Protected Health Information</u>: "Protected Health Information" has the meaning given such term in 45 C.F.R. § 160.103, and means all of Sujla Maharaj's Individually Identifiable Health Information that is transmitted by electronic media; maintained in electronic media; or transmitted in any other form or medium.  Protected Health Information excludes Individually Identifiable Health Information in: (i) education records covered by the Family Educational Rights and Privacy Act, as amended, 20 U.S.C. § 1232g; (ii) vocational education records described in 20 U.S.C. § 1282(a)(4)(B)(iv); and (iii) employment records held by a Covered Entity in its role as employer.  45 C.F.R. § 160.103.

(e) <u>Producing Party</u>: a Party or a Non-Party that produces Discovery Material in this action.

4. Designation of Discovery Material in conformity with the Stipulation for Protective Order and this Order requires:

(a) that the Discovery Material contains what the Producing Party in good faith believes to contain Confidential Information; and

(b) that the Producing Party affix the legend "**CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER**" to each page that contains Confidential Information or, if the item is in tangible form, on the exterior of the container in which the information or item is stored.  If only a portion of the page or material qualifies for protection, the Producing Party to the extent practicable shall identify the protected portion.

5. Disclosure or production of Confidential Information, subject to the terms of this Protective Order, satisfies the Health Insurance Portability and Accountability Act of 1996, also known as "HIPAA", because the Protective Order: (a) prohibits the parties to this litigation from using or disclosing the Confidential Information for any purposes other than this litigation; and (b) requires either the return of the Confidential Information (including all copies made) to the Covered Entity upon the Final Disposition this litigation, or alternatively the destruction of the Confidential Information upon the Final Disposition of this litigation.

DATED:  February 6, 2012

*(signature)*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

301309281.1