IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
SUJLA MAHARJ,                    )
                                 )   2:11-cv-00315-GEB-EFB
          Plaintiff,             )
                                 )
     v.                          )   ORDER*
                                 )
CALIFORNIA BANK & TRUST,         )
                                 )
          Defendant.             )
_____)
```

Plaintiff moves to modify the Status (Pretrial Scheduling) Order ("Scheduling Order") to eliminate the requirement "that each party must exchange a Federal Rule of Civil Procedure** 26(a)(2)(B) expert report drafted by each disclosed 'percipient expert'" Pl.'s Notice of Mot., ECF No. 33 at 2:8-11.  Defendant opposes the motion.

The Scheduling Order, which was filed on April 05, 2011, requires "counsel to designate in writing . . . and serve upon all other parties the name, address and area of expertise of each expert that they propose to tender at trial . . . ." Scheduling Order, ECF No. 10 at 2:9-11.  The Scheduling Order also requires this designation "be accompanied by a written report and signed by the witness" in accordance

---

* This matter is deemed suitable for decision without oral argument.  E.D. Cal. R. 230(g).

** Any further reference to "Rule" or "Rules" is to the Federal Rules of Civil Procedure.

1

with Rule 26(a)(2)(B).  Id. at 2:11-12.  "[A]n 'expert' . . . include[s] both 'percipient experts' (persons who, because of their expertise, have rendered expert opinions in the normal course of their work duties or observations pertinent to the issues in the case) and 'retained experts.'"  Id. at 2:26-3:2.  In addition, the Scheduling Order prescribes that "objections be filed **fourteen (14) *calendar* days** of service of this Order."  Id. at 8:8-9.

A pretrial "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The 'good cause' standard 'focuses on the diligence of the party seeking amendment.'" Turner v. Sheriff of Sacramento, 2011 WL 1811028 *5 (E.D. Cal. May 10, 2011) (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992)). Where "the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted." Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

Plaintiff has not shown that it has been diligent in seeking the requested amendment.  Plaintiff did not seek the requested amendment until almost one year after the Scheduling Order was filed and served.  Further, Plaintiff fails to explain why Plaintiff did not seek the requested amendment within the fourteen day objection time period prescribed in the Scheduling Order, so that the objection could have been considered before the Scheduling Order became final.  Therefore, Plaintiff's motion is denied.

Dated:  May 11, 2012

_____
GARLAND E. BURRELL, JR.
United States District Judge