IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SUJLA MAHARAJ,                    )
                                  )    2:11-cv-00315-GEB-EFB
            Plaintiff,            )
                                  )
       v.                         )    ORDER ON MOTIONS IN LIMINE
                                  )
CALIFORNIA BANK & TRUST,          )
                                  )
            Defendant.            )
_____)

Plaintiff and Defendant each move in limine for an order precluding the admission of certain evidence at trial. Each motion is addressed below.

**A.   Plaintiff's Motions in Limine**

**Motion in Limine No. 1**

Plaintiff seeks to "exclud[e] any and all testimony, references to testimony[,] or argument based upon the testimony of [Defendant's human resources expert] Brian H. Kleiner, Ph.D." (Pl.'s Mot. in Limine ("MIL") No. 1, 1:21-24.[1]) Plaintiff argues: "the sole opinion which Dr. Kleiner has been retained to offer at trial[:] . . . 'Defendant treated Plaintiff in a manner consistent with appropriate human resource management practice[,]' . . . has absolutely

---

[1] Plaintiff does not utilize page numbers on the first page of some of her in limine motions, oppositions, and reply briefs. For ease and accuracy of reference, this order refers to the page number of Plaintiff's filings by the ECF page number, rather than Plaintiff's numbering.

1

no bearing on any of the specific factual elements within Plaintiff's claims; nor does it have any bearing on the amount of damages Plaintiff suffered as a result of the termination, or whether Plaintiff failed to reasonably mitigate her losses." (Id. at 2:23-3:9.) Plaintiff further argues that Dr. Kleiner's expert opinion should be excluded under Federal Rule of Civil Procedure ("Rule") 403; "does not assist the trier of fact to understand the evidence or to determine a fact in issue[;] . . . is not the product of reliable principles and methods; and . . . is based on improper legal conclusions." (Id. at 2:6-9.)

Defendant rejoins that "Dr. Kleiner's [opinion] that Defendant treated Plaintiff in a manner consistent with appropriate human resource management practice is relevant because it will assist the jury, and because it concerns a matter that is not within the everyday knowledge and experience of a lay juror." (Def.'s Opp'n to Pl.'s MIL No. 1, 2:15-18.) Specifically, Defendant contends:

> Dr. Kleiner's proposed testimony that the Defendant acted in a manner consistent with appropriate human resource management practice will provide evidence from which inferences could be drawn that have probative value regarding Plaintiff's allegations that Defendant failed to provide reasonable accommodation, allegedly failed to engage in the interactive process, and allegedly made decisions adverse to Plaintiff as a pretext for discriminating against her.

(Id. at 3:19-23.) Defendant also counters that "the probative value of Dr. Kleiner's testimony is not substantially outweighed by the danger of unfair prejudice[,]" and "any areas of Dr. Kleiner's proposed expert testimony that Plaintiff contends are deficient concern the weight of his testimony not its admissibility, and can be properly explored on cross examination." (Id. at 1:24-27.)

2

1          "[N]umerous courts have permitted extensive testimony by human
2 resources experts." Sitter v. Ascent Healthcare Solutions, Inc., No. C-
3 09-5682 EMC, 2011 WL 2682976, at *1 (N.D. Cal. July 8, 2011). "In
4 particular, courts commonly permit human resources experts to testify on
5 human resources management policies and practices and whether an
6 employer deviated from those policies and practices." Wood v. Mont.
7 Dept. of Revenue, CV 10-13-H-DWM, 2011 WL 4348301, at *2 (D. Mont. Sept.
8 16, 2011); see, e.g., Equal Emp't Opportunity Comm'n v. Sierra Pac.
9 Indus., No. 2:08-cv-01470-MCE-DAD, 2010 WL 3941416 at *1 (E.D. Cal. Oct.
10 5, 2010) (denying motion to exclude testimony of human resources expert
11 stating the expert's testimony concerning "whether Defendant's
12 management acted within the appropriate standard of care . . . may well
13 assist the jury in reaching the ultimate conclusion in this matter:
14 whether or not Defendant is liable for any discrimination . . . ."). 
15 Therefore, Plaintiff's motion is denied.

**Motion in Limine No. 2**

17          Plaintiff seeks to exclude "any and all testimony, references
18 to testimony[,] or argument based upon the expert opinion of Carolyn
19 Milloy." (Pl.'s MIL No. 2, 1:21-23.) Plaintiff indicates that Ms. Milloy
20 is "Defendant's Senior [V]ice President and Human Resource Manager[,]"
21 and that Defendant has designated her as a "percipient expert"
22 concerning the "opinions . . . set forth in [her] September 30, 2010
23 correspondence to the Department of Fair Employment & Housing in which
24 [she] responds to the [administrative] charge filed by Plaintiff." (Id.
25 at 2:9-13 (internal quotation marks omitted).) Plaintiff argues:
26 "[a]lthough Defendant discloses Ms. Milloy as . . . a 'percipient'
27 expert, no evidence exists that Ms. Milloy was directly, or even
28 indirectly, involved as a percipient witness to any of the personnel

3

decisions or underlying issues involving Plaintiff which will be adjudicated at trial." (Id. at 2:16-19.) Plaintiff also argues that "Ms. Milloy's responses to Plaintiff's [administrative charge] do not assist the trier of fact to understand the evidence or to determine a fact in issue[;] . . . are not the product of reliable principles and methods; and . . . are based upon improper legal conclusions." (Id. at 2:2-6.)

Defendant counters that "Ms. Milloy's proposed percipient expert testimony meets the standards of admissibility under the Federal Rules of Evidence[,] and . . . [a]ny areas of Ms. Milloy's proposed expert testimony that Plaintiff claims are deficient go to the weight of her testimony not its admissibility, and can be properly explored on cross examination." (Def.'s Opp'n to Pl.'s MIL No. 2, 1:24-28.) Defendant contends:

> [The September 30, 2010 response to Plaintiff's administrative charge] contains Ms. Milloy's opinions regarding Plaintiff's allegations that Defendant took adverse employment actions against Plaintiff in violation of the law, and regarding Defendant's compliance with its human resources policies. Because of her many years of experience in human resources, Ms. Milloy rendered opinions in the normal course of her work duties and/or observations pertinent to the issues in this case and is therefore a percipient expert witness.

(Id. at 2:20-25 (internal citation omitted).)

Plaintiff has not shown that her motion should be granted; therefore, this motion is denied.

**Motion in Limine No. 3**

Plaintiff "moves . . . for an order barring Defendant from offering the expert testimony of [her three percipient expert witnesses], except to the extent that Defendant may elicit the testimony of these witnesses through cross-examination which is within the scope of testimony previously offered by Plaintiff on direct examination."

4

(Pl.'s MIL No. 3, 2:2-6.) Plaintiff states: "[t]he basis for [this] motion is that Defendant failed to disclose the aforementioned percipient expert witnesses under Rule 26(a)(2) and this Court's . . . Pretrial Scheduling Orders, as experts who Defendant may use at trial to present evidence under Federal Rule[s] of Evidence 702, 703 or 705." (Id. at 2:7-10.)

Plaintiff has not shown that this motion is ripe for decision since it is unclear at this juncture what examination of Plaintiff's percipient expert witnesses by Defendant will be permissible. Therefore, this motion is denied.

**Motion in Limine No. 4**

Plaintiff seeks to "exclud[e] any and all testimony, references to testimony[,] or argument related to Plaintiff's application for and receipt of unemployment insurance benefits." (Pl.'s MIL No. 4, 1:22-25.) Plaintiff argues: "Defendant is barred by the 'collateral source rule' from attempting to apply Plaintiff's receipt of unemployment insurance benefits as a setoff against Plaintiff's economic damage claim. Thus, evidence relating to Plaintiff's application for and receipt of unemployment insurance benefits has no relevance to any matter at issue." (Id. at 3:15-19.)

Defendant counters that "Plaintiff's unemployment benefits are . . . admissible to reduce the amount of Plaintiff's back pay and future pay claims." (Def.'s Opp'n to Pl.'s MIL No. 4, 1:25-26.) Defendant further argues that evidence of Plaintiff's receipt of unemployment benefits is also admissible "for the purpose of showing that Plaintiff did not mitigate her damages by obtaining new employment . . . ." (Id. at 2:6-7.) Defendant contends Plaintiff "had incentive not to take another job because she was receiving unemployment

benefits that were relatively significant in light of her prior income when she was employed by the Defendant." (Id. at 2:6-9.)

Plaintiff replies that the "reason(s) why Plaintiff did what she did in seeking to mitigate her economic losses, or the reason(s) why Plaintiff did not take certain actions in looking for alternative employment, is not relevant." (Pl.'s Reply to MIL No. 4, 5:1-3.) Plaintiff argues, "[t]he sole issue that is relevant to Defendant's failure to mitigate affirmative defense is an examination of what Plaintiff did or did not do in attempting to mitigate her economic losses." (Id. at 4:22-5:1.)

"The collateral source rule is a substantive rule of law that bars a tortfeasor from reducing the quantum of damages owed to a plaintiff by the amount of recovery the plaintiff receives from other sources of compensation that are independent of (or collateral to) the tortfeasor." Davis v. Odeco, Inc., 18 F.3d 1237, 1243 (5th Cir. 1994); accord Ishikawa v. Delta Airlines, Inc., 343 F.3d 1129, 1134 (9th Cir. 2003). Accordingly, evidence regarding a plaintiff's receipt of benefits from a collateral source is ordinarily inadmissible to offset his or her damages award. See Phillips v. W. Co. of N. Am., 953 F.2d 923, 930 (5th Cir. 1992) (stating "if the substantive law disallows a setoff from the tortfeasor's damages for the plaintiff's collateral benefits, evidence of collateral benefits simply has no relevance in the lawsuit"). However, "[w]hen such evidence is relevant to some other contested issue . . . , it may be admitted if it is not unfairly prejudicial . . . ." England v. Reinauer Transp. Cos., 194 F.3d 265, 273-74 (1st Cir. 1999). For example, "evidence of collateral source payments may be admitted for the competent purpose of showing malingering . . . ." Vanskike v. ACF Indus., Inc., 665 F.2d 188, 200 (8th Cir. 1981); see also Timmons v.

United Parcel Service, No. 2:05-cv-02175-MCE-EFB, 2010 WL 2464869, at *2 (E.D. Cal. June 14, 2010) (denying in limine motion to exclude evidence of collateral source benefits when Defendant contended that Plaintiff's receipt of disability benefits "[wa]s relevant to show that he was not a 'qualified individual' for purposes of accommodation under [the California Fair Employment and Housing Act]).

Plaintiff has not shown that evidence of her receipt of unemployment benefits lacks probative value on Defendant's failure to mitigate affirmative defense, or that admission for such a purpose is unduly prejudicial. Therefore, the Court need not decide for purposes of this motion whether Plaintiff's unemployment benefits constitute a collateral benefit that cannot be used to offset any award of past lost wages.

For the stated reasons, this motion is denied.

**Motion in Limine No. 5**

Plaintiff seeks to "exclud[e] any and all testimony, references to testimony[,] or argument related to documents associated with Plaintiff's exhaustion of administrative remedies." (Pl.'s MIL No. 5, 1:23-25.)

Since it is unclear what evidence is involved in this motion, it is DENIED. See Weiss v. La Suisse, Society D'Assurances Sur La Vie, 293 F. Supp. 2d 397, 407-08 (S.D.N.Y. 2003) (denying motion to exclude evidence for a "lack[] of specificity[,]" stating "[n]o particular documents or testimony have been identified in the motion"); see also Lego v. Stratos Intern., Inc., No. C 02-03743 JW, 2004 WL 5518162, at *1 (N.D. Cal. Nov. 4, 2004) (denying in limine motion "because the requested relief is too vague").

7

   B.   **Defendant's Motions in Limine**

   **Motion in Limine No. 1**

Defendant "seeks orders precluding the Plaintiff from offering evidence of damages categories, damages computations, and damages amounts that were not timely disclosed to the Defendant" under Rules 26(a)(1)(A), 26(e), and 37(c)(1). (Def.'s MIL No. 1, 2:14-16.) In essence, Defendant seeks to preclude Plaintiff from "offering any evidence of damages other than emotional distress damages, and as to emotional distress damages, [seeks to preclude her] from asking the jury to award a specific amount of emotional distress damages." (Id. at 9:22-25.) Defendant argues:

> As a general rule a defendant is entitled to know the types of damages being sought by the plaintiff, and the amount of each type of damages, so that the defendant can prepare rebuttal evidence during the course of discovery. When the plaintiff fails to make the mandatory disclosure, the defendant is prejudiced, warranting exclusion of the damages evidence under Rule 37(c)(1).

(Id. at 5:14-18.) Defendant further argues: "It is significant that the Plaintiff has failed to designate an expert to testify on the amount and calculation of future damages. Expert testimony is necessary for certain future economic damages claims, and expert testimony is always necessary to discount future economic damages to the date of trial." (Id. at 6:25-28.)

Plaintiff counters that "[t]he stated bases for Defendant's Rule 37 Sanctions motion . . . are false." (Pl.'s Opp'n to Def.'s MIL No. 1, 2:10-11.) Plaintiff contends she "has disclosed to Defendant the categories of damages sought and, . . . [t]he specific value of Plaintiff's economic damage claim as to past and future loss of employment wages and benefits is information within Defendant's

possession, as Defendant sets the value of its employees' wages and benefits." (Id. at 2:11-13, 2:16-18.) Plaintiff states:

> Plaintiff has made it clear to Defendant throughout the entirety of this lawsuit, from the pleadings to the pretrial filings, that Plaintiff is seeking to recover the value of the hourly wages and benefits that Plaintiff would have earned from April 1, 2010[,] to the present had Defendant not terminated Plaintiff's employment, and the value of wages and benefits that the jury finds that Plaintiff is reasonably certain to lose in the future. Plaintiff has advised Defendant throughout the entirety of this litigation that Plaintiff has yet to succeed in her ongoing efforts to seek new employment, but that if and when Plaintiff does succeed in doing so Plaintiff will promptly supplement Plaintiff's prior disclosures and discovery responses accordingly. As of yet, Plaintiff has not secured new employment and, thus, the "calculations" for Plaintiff's continuing economic damage claim have not changed.

(Id. at 4:20-5:4.) Plaintiff also argues that she "is not required to offer expert testimony in establishing a claim for future loss of wages and benefits[, and] . . . is not required during discovery to provide calculations regarding the monetary value of [her] emotional distress damages." (Id. at 2:19-22.)

"Under Rule 26(a) governing initial disclosures, the parties must, among other things, disclose 'a computation of any category of damages claimed' . . . ." City & Cnty. of San Francisco v. Tutor-Saliba Corp., 218 F.R.D. 219, 220 (N.D. Cal. 2003)(quoting Fed. R. Civ. P. 26(a)(1)(C)). "Rule 26 does not elaborate on the level of specificity required in the initial damages disclosure." Id. However, cases have held that "the 'computation' of damages required by Rule 26(a)(1)(C) contemplates some analysis; for instance, in a claim for lost wages, there should be some information relating to hours worked and pay rate." See id. at 221; see also Frontline Med. Assocs., Inc. v. Coventry Health Care, 263 F.R.D. 567, 569 (C.D. Cal. 2009) (same).

"Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." Hoffman v. Constr. Protective Servs., Inc., 541 F.3d 1175, 1179 (9th Cir. 2008) (internal quotation marks omitted). "Under Rule 37, exclusion of evidence not disclosed is appropriate unless the failure to disclose was substantially justified or harmless." Id.

"[W]hile Rule 26 generally requires a party to provide a computation of . . . actual damages, emotional distress damages, because of their vague and unspecific nature, are often times not readily amendable to computation." Goldstein v. CBE Grp., Inc., No. CV 12-2540 ODW (AJWx), 2012 WL 4087253, at *2 (C.D. Cal. Sept. 17, 2012) (internal quotation marks and brackets omitted); accord Williams v. Trader Publ'g Co., 218 F.3d 481, 486 n.3 (5th Cir. 2000) (stating "compensatory damages for emotional distress . . . may not be amenable to the kind of calculation disclosure contemplated by Rule 26(a)(1)(C)). Accordingly, "district courts have frequently denied motions to compel computations of emotional distress . . . damages . . . ." Equal Emp't Opportunity Comm'n, 276 F.R.D. 637, 639 (E.D. Wash. 2011). However, when a plaintiff fails to provide a defendant with a the amount of emotional distress damages sought, the "[p]laintiff may be foreclosed from suggesting [a] specific amount for emotional distress damages to the jury at trial." First v. Kia of El Cajon, No. 10-CV-536-DMS (BGS), 2010 WL 3069215, at *2 (S.D. Cal. Aug. 4, 2010); accord Sandoval v. Am. Bldg. Maint. Indus., Inc., 267 F.R.D. 257, 282-83 (D. Minn. 2007).

Plaintiff states concerning damages in her initial disclosures, served April 18, 2011, in relevant part as follows:

> Plaintiff's economic damages to date amount to the total value of all wages and benefits that

10

> Plaintiff would have earned but for Defendant having terminated Plaintiff's employment less any mitigation income earned by Plaintiff since the date of termination. Plaintiff estimates wage loss, not including benefits, as of this date at $40,012.00.
>
> Plaintiff is also seeking all recoverable future economic damages which are not subject to exact valuation at this time.
>
> Plaintiff cannot currently calculate an exact value associated with Plaintiff's claim for past and future general damages, and for exemplary damages, as those amounts will ultimately be determined by the trier of fact.

(Pl.'s Initial Disclosures, attached as Ex. A to the Decl. of Jeffrey L. Fillerup in Supp. of Def.'s MIL No. 1, ECF No. 82-1.)

Although Plaintiff's disclosures do not provide an analysis of her computation of past or future economic damages, Plaintiff has shown that her failure to disclose that analysis is harmless since the information on which these damages are calculated is already in Defendant's possession. See Creswell v. HCAL Corp., No. 04cv388 BTM (RBB), 2007 WL 628036, at *2 (S.D. Cal. Feb. 12, 2007) (holding Plaintiff's failure to provide a computation of lost employee benefits in an ADA and FEHA disability discrimination action against his former employer was harmless "as Defendant has the records of the benefits it paid to Plaintiff").

Additionally, Defendant has not shown that expert testimony is always required to submit to the jury the issue of future lost earnings and their reduction to present value.

However, Plaintiff has not shown that the portion of Defendant's motion seeking to preclude her from requesting a specific dollar amount of emotional distress damages during argument should not be granted.

11

> After all, if plaintiff[] present[s] a specific amount to the jury for [emotional distress] damages, then presumably [she] ha[s] a basis and a means for arriving at the amount [she] [is] seeking. In short, in that situation, the calculation for emotional distress damages is not necessarily vague, and it would be unfair to defendant[] if plaintiff[] could submit a specific dollar amount for damages to the jury without defendant[] having the opportunity to discover the basis for the claim and the opportunity before trial to rebut that basis.

Sandoval, 267 F.R.D. at 282.

For the stated reasons, this motion is denied and granted in part.

**Motion in Limine No. 2**

Defendant seeks to preclude Plaintiff "from introducing at trial any testimony, documents, or other evidence that Defendant caused Plaintiff's physical health problems[,]" arguing "Plaintiff did not contend during discovery that Defendant caused her health problems, . . . [,] the Complaint does not allege personal injury claims, and the Defendant has not prepared to defend personal injury claims." (Def.'s MIL No. 2, 1:20-28.) Defendant further argues that "during discovery[,] Plaintiff responded to discovery stating that she did not know whether Defendant caused her injuries[, and] Plaintiff never amended her responses to Defendant's discovery." (Id. at 2:1-3 (internal citation omitted).)

This motion is unopposed and is granted.

**Motion in Limine No. 3**

Defendant seeks to preclude Plaintiff from "offering testimony, documents, or other evidence of any medical conditions or health problems other than rheumatoid arthritis and/or kidney infection." (Def.'s MIL No. 3, 1:21-22.) Defendant argues since

"Plaintiff's interrogatory responses identified and specified two disabilities, and those interrogatory responses were never supplemented or amended by the Plaintiff[,]" evidence regarding any other disabilities "should be excluded at trial" under Rules 26(e)(1) and 37(c)(1). (Id. at 2:1-2, 2:28-3:6.)

Since it is unclear what evidence is involved in this motion, it is DENIED.

**Motion in Limine No. 4**

Defendant seeks an order as follows:

> 1.  That Plaintiff be precluded from referring to or offering evidence regarding the availability or amount of punitive damages until and unless there is a phase 2 of the trial;
>
> 2.  That Plaintiff be precluded from referring to or offering evidence regarding the financial condition, wealth, and/or financial statements of the Defendant unless and until there is a phase 2 of the trial;
>
> 3.  That the first phase of the trial will present all issues of liability and damages to the jury, except for the amount of punitive damages that will be awarded to the Plaintiff, if any; and
>
> 4.  That phase 2 of the trial will take place only if the jury returns a verdict for the Plaintiff in Phase 1 of the trial awarding actual damages and finding that Defendant is guilty of malice, oppression, or fraud.

(Def.'s MIL No. 4, 1:21-2:3.) Defendant argues "bifurcation of the amount of punitive damages is warranted in this case based on the rules of evidence and the common practice of bifurcating punitive damages evidence from other issues in the case." (Id. at 2:17-19.)

This motion is unopposed and is granted. The trial will be conducted in two phases: liability and punitive damages. If the jury finds punitive damages are recoverable in the liability phase, trial on the amount of punitive damages will immediately occur. During the first

13

phase of the trial, the jury will be given a liability instruction on punitive damages along with the other closing instructions and a verdict form which will include the liability question on punitive damages. If the answer is yes, then evidence pertinent to the amount of punitive damages would be presented in the second phase of the trial, following which the parties would present closing argument on that issue and a jury instruction would be given. The jury would then deliberate on the issue and fill in a punitive damages verdict form.

**Motion in Limine No. 5**

Defendant seeks to preclude Plaintiff from "referring to the availability or amount of attorney's fees and costs that have been incurred in this case in the presence of the jury[,]" and "offering in evidence any facts or documents relating to Plaintiff's claims for attorney's fees and costs until after the jury has returned a verdict and been discharged by the Court." (Def.'s MIL No. 5, 1:21-25.) Defendant argues:

> None of the statutes at issue provide for the award of attorney's fees and costs by the jury, rather, the statutes provide that the Court decides both the issues of entitlement to attorney's fees and costs, and the amount of any recovery of attorney's fees and costs. Thus, the presentation of evidence to the jury on these issues or the reference to entitlement to or the amount of attorney's fees would be irrelevant and prejudicial.

(Id. at 2:7-11.)

This motion is unopposed and is granted.

**Motion in Limine No. 6**

Defendant seek an order limiting the testimony of Plaintiff's percipient expert witnesses, Drs. Ito, Velji and Temporini "to opinions

formed during the course of treatment of Plaintiff . . . ." (Def.'s MIL No. 6, 1:21-28.) Defendant argues:

> Given that Plaintiff chose not to serve reports complying with Rule 26(a)(2)(B), according to Goodman v. Staples the Office Superstore, LLC, 644 F.3d 817, 826 (9th Cir. 2011) and Rule 37(c)(1), Plaintiff's Percipient Experts may only testify about opinions formed during the course of their treatment of Plaintiff.

(Id. at 2:8-2:11.)

Since it is unclear what evidence is involved in this motion, it is DENIED.

Dated:   January 16, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge