IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
SUJLA MAHARAJ,                    )
                                  )   2:11-cv-00315-GEB-EFB
              Plaintiff,          )
                                  )
       v.                         )   TRIAL DOCUMENTS
                                  )
CALIFORNIA BANK & TRUST,          )
                                  )
              Defendant.          )
_____  )
```

Attached are the Court's voir dire questions and preliminary jury instructions.

The Court will not ask certain proposed voir dire questions since a number of the questions appear overbroad, and certain questions appear to probe whether a juror will accept a party's position in the case. "While it is true that [parties are] entitled to a voir dire that fairly and adequately probes a juror's qualifications, [parties are] not necessarily entitled to test the jurors on their capacity to accept [their] theory of the case." United States v. Toomey, 764 F.2d 678, 683 (9th Cir. 1985).

Dated:  January 17, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
Sujla Maharaj,                  )
                                )   2:11-cv-00315-GEB-EFB
            Plaintiff,          )
                                )
       v.                       )   VOIR DIRE
                                )
California Bank & Trust,        )
                                )
            Defendant.          )
_____)
```

Thank you for your presence and anticipated cooperation in the jury selection questioning process we are about to begin. This process concerns the right to a trial by jury, which is a right that the founders of this nation considered an important component of our constitutional system.

The court personnel who will assist me in this trial are on the platform below me. The Courtroom Deputy is Shani Furstenau. She is on the platform below me on my left side. Next to her is the Certified Court Reporter, [_____].

We are about to begin what is known as voir dire. The purpose of voir dire is to ascertain whether you can be a fair and impartial juror on this case. Near or at the end of the process, each party can use a certain amount of what are called peremptory

1

challenges, which excuse a potential juror from sitting as a juror on this case. A potential juror can also be excused for other reasons.

    1. Ms. Furstenau, please administer the oath to the panel.

    2. Counsel, the Jury Administrator has already randomly selected potential jurors and placed their names on the sheet that has been given to each party in the numerical sequence in which they were randomly selected. Each juror has been placed in his or her randomly-selected seat.

    3. I will ask a series of questions to the jurors as a group. If you have a response, please raise your hand or the number you've been given, which reflects your seat number. Generally, you will be given an opportunity to respond in accordance with the numerical order in which you are seated, with the juror in the lowest numbered seat responding first. If no hand is raised, I will simply state "no response" for the record and then ask the next question. If you know it is your turn to respond to a question, you may respond before I call your name or your seat number, by stating your last name or just your seat number, then your response. That should expedite the process.

    4. This is a civil case concerning Defendant's termination of Plaintiff's employment as a bank teller in 2010.

Plaintiff alleges Defendant terminated her and subsequently refused to rehire her because of her disability and need for extended medical leave in violation of federal and state employment laws. Defendant denies Plaintiff's allegations and alleges Plaintiff has unreasonably failed to return to gainful employment since her termination.

     5.   Raise your hand if you have any knowledge of the facts or events in this case.

     6.   Raise your hand if there is anything about the allegations which causes you to feel that you might not be a fair juror in this case.

     7.   Raise your hand if there is any reason why you will not be able to give your full attention to this case.

     8.   Raise your hand if you will not be able to decide this case based solely on the evidence presented at the trial.

     9.   Raise your hand if you are opposed to judging a witness's credibility.

     10.   Raise your hand if you will not apply the law I will give you if you believe a different law should apply.

     11.   The parties have informed me that the evidence and argument portion of the trial should be completed in approximately 7-8 court days, after which the case will be submitted to the jury for jury deliberation. We will be in trial on Tuesdays, Wednesdays, and Thursdays from 9:00 a.m. to about 4:30 p.m. But as soon as you

begin jury deliberation, you will be expected to deliberate every day, except weekends, from 9:00 a.m. to about 4:30 p.m. until you complete your deliberation.

If you cannot participate as a juror during these times, raise your hand.

12. Would Plaintiff's counsel introduce [himself/themselves], [his/their] client, and indicate any witness that [his/their] client may choose to call.

13. Defendant's counsel now has the opportunity to do the same thing.

Raise your hand if you know or have had any interaction with any person just introduced or named.

14. Raise your hand if you have ever served as a juror in the past.

State whether it was a civil or criminal case, and state whether the jury reached a verdict, but do not state the actual verdict reached.

15. Raise your hand if you have had any experience or are aware of anything that could have a bearing on your ability to be a fair and impartial juror in this case.

16. Now, I am going to ask you to put yourselves in the position of each lawyer and party in this case. Raise your hand if you have information that you think should be shared before each side

4

is given an opportunity to exercise what are called peremptory challenges.

        17.  The Courtroom Deputy Clerk will give juror number one a sheet on which there are questions that I want each of you to answer. Please pass the sheet to the juror next to you after you answer the questions. The sheet asks you to state:

        Your name and your educational background and the educational background of any person residing with you; and

        Your present and former occupations for the present and former occupations of any person residing with you.

```
                IN THE UNITED STATES DISTRICT COURT

              FOR THE EASTERN DISTRICT OF CALIFORNIA


Sujla Maharaj,                    )
                                  )    2:11-cv-00315-GEB-EFB
          Plaintiff,              )
                                  )
     v.                           )    PRELIMINARY JURY
                                  )    INSTRUCTIONS
California Bank & Trust           )
                                  )
          Defendant.              )
_____   )
```

Preliminary Instruction No. 1

Ladies and gentlemen:  You are now the jury in this case. It is my duty to instruct you on the law.

You must not infer that I have an opinion regarding the evidence or what your verdict should be from these instructions or from anything I may say or do.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

Preliminary Instruction No. 2


I am now going to give you jury admonitions that you must remember. When we take recesses, I may reference these admonitions by telling you to remember the admonitions or something similar to that. You are required to follow these admonitions whether or not I remind you to remember them:

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating

with everyone else including your family members, your employer, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.

Third, if you need to communicate with me, simply give a signed note to my courtroom clerk, or to the court reporter if my courtroom clerk is not present, who will give it to me.

Preliminary Instruction No. 3

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Preliminary Instruction No. 4

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear what is said or see what is shown during the trial, let me know so that I can correct the problem.

Preliminary Instruction No. 5

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes shall be left on the seat on which you are seated.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

Preliminary Instruction No. 6

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Preliminary Instruction No. 7

The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

Plaintiff will then present evidence, and counsel for the Defendant may cross-examine. Then Defendant may present evidence, and counsel for the Plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.