IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SUJLA MAHARAJ,                        )
                                      )   2:11-cv-00315-GEB-EFB
            Plaintiff,                )
                                      )
      v.                              )   PROPOSED CLOSING JURY
                                      )   INSTRUCTIONS
CALIFORNIA BANK & TRUST,              )
                                      )
            Defendant.                )
_____        )

Attached are the Court's proposed closing jury instructions. Any proposed modifications should be submitted as soon as practicable.

Several of the parties' proposed instructions have been modified for clarity, to eliminate unnecessary language, and to more closely follow the language used in the Ninth Circuit Model Civil Jury Instructions and Judicial Council of California Civil Jury Instructions ("CACI") upon which they are based.

Since the Court's proposed voir dire contains a neutral statement of the case, the parties' proposed, contested "claims and defenses" jury instructions are unnecessary and will not be used.

The parties' proposed instructions on Plaintiff's disability discrimination under the Americans with Disabilities Act ("ADA"), disability discrimination under the California Fair Employment & Housing Act ("FEHA"), and retaliation in violation of the Family Medical Leave Act ("FMLA") and California Family Rights Act ("CFRA") claims utilize different terminology for the element that requires Plaintiff to show a

causal connection between the alleged adverse employment action taken and her disability. The parties' proposed instructions on these claims use the terms "motivating factor," "motivating reason," and "negative factor." It appears that the different terminology used for this element is without legal significance and could be confusing to the jury; therefore, the attached instructions use "motivating reason" consistently throughout and define that term once as follows: "A 'motivating reason' is a reason that contributed to the decision to take certain action, even though other reasons also may have contributed to the decision." The definition is based upon CACI Instruction No. 2507 – "'Motivating Reason' Explained."

The parties' proposed instructions on each of Plaintiff's claims require the Plaintiff to prove that the Defendant's alleged wrongful conduct was a "substantial factor" in causing her harm without defining the meaning of that term. The attached instructions define the term as follows: "A 'substantial factor' in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm." The definition is based upon CACI Instruction No. 430 – "Causation: Substantial Factor."

The parties proposed different instructions regarding the definition of "disability" under federal and California law. Plaintiff's proposed instructions specifically reference diabetes, whereas Defendant argues "Plaintiff's definition of disability improperly . . . provides that diabetes is considered a disability, when Plaintiff never disclosed diabetes in the complaint, in Plaintiff's verified administrative complaint, and/or in [Plaintiff's verified] interrogatory responses." (Def.'s Proposed Jury Instruction No. 24, ECF No. 108, at p. 32 (citing

1  Def.'s Mot. in Limine No. 3, ECF No. 85.).) Defendant argued in its

2  third motion in limine that "Plaintiff's interrogatory responses

3  identified and specified two disabilities[: rheumatoid arthritis and a

4  kidney infection], and those interrogatory responses were never

5  supplemented or amended by the Plaintiff[;]" therefore, evidence

6  regarding any other disabilities "should be excluded at trial" under

7  Rules 26(e)(1) and 37(c)(1). (Def.'s Mot. in Limine No. 3, 2:1-2,

8  2:28-3:6.) Plaintiff opposed Defendant's in limine motion, arguing,

9  *inter alia*:

10        Defendant was fully informed throughout
11   discovery regarding the existence and scope of
     Plaintiff's Diabetes disability and has "defended
12   against" Plaintiff's claims by subpoenaing each and
     every page of Plaintiff's 2009 and 2010 medical
13   records, including all documentation that exists
     regarding Plaintiff's Diabetes disability.
14   Defendant also cross-examined Plaintiff in
     deposition regarding Plaintiff's Diabetes
15   disability. Under its initial Rule 26 disclosure
     obligations, Defendant disclosed doctors who
16   treated Plaintiff for Plaintiff's Diabetes
     disability as potential trial witnesses. Defendant
17   demanded expert reports regarding Plaintiff's
     medical conditions and health problems, which
18   included information regarding Plaintiff's Diabetes
     and other disabilities.

19  (Pl.'s Opp'n to Def.'s Mot. in Limine No. 3, 3:10-17, ECF No. 117.)

20        Federal Rule of Civil Procedure ("Rule") 26(e) requires a

21  party to supplement or correct her discovery responses in a timely

22  manner "if the party learn that in some material respect the . . .

23  response is incomplete or incorrect, and if the additional or corrective

24  information has not otherwise been made known to the other parties

25  during the discovery process or in writing . . . ." Fed. R. Civ. P.

26  26(e)(1)(A); see also Adv. Comm. Notes on 1993 Amendments to Fed. R.

27  Civ. P. 26(e) ("There is, however, no obligation to provide supplemental

28  or corrective information that has been otherwise made know to the

parties in writing or during the discovery process, as when a witness not previously disclosed is identified during the taking of a deposition . . . .").

Defendant has not shown that Planitiff improperly failed to supplement her responses to interrogatories to list diabetes as a disability since Plaintiff's representations and exhibits filed in support of her opposition to Defendant's third motion in limine evince that such information was "otherwise . . . made known" to Defendant through discovery. Therefore the attached instructions include reference to diabetes as requested by Plaintiff.

Defendant also objects to Plaintiff's instruction concerning the definition of "disability" under California law, arguing that it "omits that an individual who has a transitory and minor impairment cannot be regarded as having an impairment." (Def.'s Proposed Jury Instruction No. 32, at p. 43.) However, California law does not appear to so limit its definition of "disability." See Diaz v. Fed. Express Corp., 373 F. Supp. 1034, 1046-53 (C.D. Cal. 2005) (discussing whether a temporary impairment can constitute a "disability" under FEHA). Therefore, Defendant's objection is overruled.

Defendant objects to certain language Plaintiff proposes be included in her definitions of "reasonable accommodation" under both federal and California law. Specifically, Defendant states:

> Plaintiff's jury instruction[s] regarding the definition of reasonable accommodation incorrectly state[] that reasonable accommodation may include a "finite leave of absence if, upon returning to work following the leave, the employee will likely be able to resume her duties." This is incorrect. Case law provides that finite leave of absence may constitute a reasonable accommodation if it appears likely that the employee will be able to return to an existing position at some time in the foreseeable future. Kranson v. Fed. Exp. Corp., 2012 WL 4715337 at *8 (N.D. Cal. 2012).

4

(Def.'s Proposed Instructions, 30.)

The attached instructions include reference to leaves of absence constituting a reasonable accommodation consistent with Ninth Circuit and California authority. See Humphrey v. Mem'l Hosps. Ass'n, 239 F.3d 1128, 1135 (9th Cir. 2001) (citing Nunes v. Wal-Mart Stores, Inc., 164 F.3d 1243, 1247 (9th Cir. 1999)); Jensen v. Wells Fargo Bank, 74 Cal. App. 4th 245, 263 (1999).

The parties propose different instructions concerning Plaintiff's California law failure to engage in the interactive process claim. Defendant's instruction includes as an element that a "reasonable accommodation" was available, whereas Plaintiff's instruction does not. "There is [an apparent] split of authority as to whether [a plaintiff] must . . . prove that reasonable accommodation was possible before there is a violation for failure to engage in the interaction process." Directions for Use CACI No. 2546, "Disability Discrimination - Reasonable Accommodation - Failure to Engage in Interactive Process (Gov. Code § 12940(n)." However, in Scotch v. Art Inst. of Calif. - Orange Cnty., Inc., 173 Cal. App. 4th 986, 364-65 (2009), the California Court of Appeal attempted to reconcile the apparent split and held "[t]o prevail on a claim under section 12940, subdivision (n) for failure to engage in the interactive process, an employee must identify a reasonable accommodation that would have been available at the time the interactive process should have occurred." Therefore, the attached instruction on this claim includes as an element that a "reasonable accommodation" was available.

Lastly, the attached instructions do not include punitive damages instructions since the parties' proposed instructions fail to distinguish between the federal and state standards for the award of

1 | punitive damages. The January 17, 2013 Minute Order (ECF No. 133)
2 | directed the parties to submit supplemental proposed instructions
3 | concerning punitive damages no later than 12:00 p.m. on January 22,
4 | 2013.

5 | Dated:  January 18, 2013

GARLAND E. BURRELL, JR.
Senior United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Sujla Maharaj,                          )
                                        )     2:11-cv-00315-GEB-EFB
            Plaintiff,                   )
                                        )
        v.                              )     CLOSING JURY INSTRUCTIONS
                                        )
California Bank & Trust,                 )
                                        )
            Defendant.                   )
_____        )

1

Instruction No. 1

Members of the jury, now that you have heard all the evidence and the arguments of the parties, it is my duty to instruct you on the law which applies to this case. Each of you is in possession of a copy of these jury instructions, which you may take into the jury room for your use if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you must apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.

2

Instruction No. 2


When a party has the burden of proof on any claim or defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or defense is more probably true than not true.

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is highly probable. This is a higher standard of proof than proof by a preponderance of the evidence.

You should base your decision on all of the evidence, regardless of which party presented it.

Instruction No. 3

An entity, California Bank & Trust, is a party to this lawsuit. This entity is entitled to the same fair and impartial treatment that you would give to an individual. You must decide this case with the same fairness that you would use if you were deciding the case between individuals.

Instruction No. 4

The evidence you are to consider in deciding what the facts are consists of:

the sworn testimony of any witness;

the exhibits that are received into evidence; and

any facts to which the parties have agreed.

Instruction No. 5

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

First, arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

Second, questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

Third, testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, sometimes testimony and exhibits are received only for a limited purpose; if I gave a limiting instruction, you must follow it.

Fourth, anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

Instruction No. 6

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as a testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact.

You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Instruction No. 7

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

the opportunity and ability of the witness to see or hear or know the things testified to;

the witness's memory;

the witness's manner while testifying;

the witness's interest in the outcome of the case and any bias or prejudice;

whether other evidence contradicted the witness's testimony;

the reasonableness of the witness's testimony in light of all the evidence; and

any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

9

Instruction No. 8


Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Instruction No. 9


The parties have agreed to certain facts that will be read to you. You should therefore treat these facts as having been proved. The stipulated facts are as follows:

1.   California Bank & Trust is a California-based bank with various branches located throughout California, including branches in the San Francisco Bay Area, the Sacramento area, and Southern California.

2.   On January 16, 1990, Plaintiff was hired as a bank teller, in the position of "Teller I," at California Bank & Trust's Millbrae branch by a predecessor of California Bank & Trust, Sumitomo Bank.

3.   On April 1, 1994, Plaintiff's title at California Bank & Trust's Millbrae Branch became Assistant Operations Supervisor.

4.   On September 1, 1995, Plaintiff's title at California Bank & Trust's Millbrae Branch became Operations Supervisor.

5.   In 2002, Plaintiff moved her residence to Sacramento, and transferred to California Bank & Trust's Sacramento Main Branch, which is the branch she worked at until 2010. Plaintiff assumed the position of "Customer Service Representative I" upon

beginning her employment in the Sacramento Main Branch.

6.   From 2003 to 2005, Plaintiff's title at California Bank & Trust was "Customer Service Representative II."

7.   From 2006 to 2010, Plaintiff's title at California Bank & Trust was "Customer Service Representative III."

8.   From January 1, 2005, through the date of termination in 2010, Plaintiff was employed as a full-time employee at California Bank & Trust.

9.   Beginning May 15, 2009, and ending July 27, 2009, Plaintiff took a leave of absence from her job at California Bank & Trust due to Plaintiff's medical condition.

10.   Plaintiff took another medical leave later in 2009. Plaintiff began her second medical leave on December 28, 2009.

11.   On or about February 4, 2010, California Bank & Trust provided to Plaintiff a letter in which California Bank & Trust wrote that due to the business needs of the bank and the expiration of 12 weeks of protected medical leave, the Sacramento Main Branch needed to begin the process of filling the teller position that Plaintiff held in order to meet the ongoing demands at the Sacramento Main Branch.

12.   As of the February 4, 2010 Letter, California Bank & Trust had a form from Plaintiff's doctors stating that Plaintiff was unable to return to work until February 15, 2010.

12

13.     On or about February 25, 2010, California Bank & Trust posted on its internal and external job posting websites a full-time teller position at the Sacramento Main Branch, with the title "Customer Service Representative II."

14.     On or about February 26, 2010, California Bank & Trust received a form from Plaintiff's doctors stating that Plaintiff was released to return to work on April 1, 2010.

15.     On about March 10, 2010, the successful candidate for the Sacramento Teller Position accepted California Bank & Trust's offer of employment.

Instruction No. 10

Plaintiff alleges that Defendant violated federal law by failing to provide reasonable accommodation for her disability. To prevail on this claim, Plaintiff must prove each of the following by a preponderance of the evidence:

First, Plaintiff was an individual with a "disability" as defined under federal law;

Second, Plaintiff was a "qualified individual" as defined under federal law;

Third, Plaintiff either:

requested an accommodation for her disability, or

Defendant knew, or had reason to know, that Plaintiff had a disability which was causing Plaintiff problems doing her job, and the disability prevented Plaintiff from requesting an accommodation;

Fourth, Defendant could have provided Plaintiff a

14

"reasonable accommodation" as defined under federal law, which would have enabled Plaintiff to perform the essential functions of Plaintiff's job or another vacant job;

Fifth, Plaintiff was harmed; and

Sixth, Defendant's failure to provide Plaintiff a reasonable accommodation was a "substantial factor" in causing Plaintiff's harm.

An employer's duty to provide reasonable accommodation is a continuing one and is not met by a single effort. Thus, the employer's obligation to consider accommodation continues when the employee asks for a different accommodation, or when the employer is aware that the initial accommodation is failing and further accommodation is needed.

15

Instruction No. 11

The term "disability" is defined under federal law as a physical impairment that substantially limits one or more of the person's major life activities; a record of such an impairment; or being regarded as having such an impairment.

An individual has a record of an impairment that substantially limits a major life activity even where no such impairment presently exists, if the individual has a past record of having had such an impairment.

An individual is regarded as having an impairment that substantially limits a major life activity if the employer perceives that the individual has such an impairment even where no such impairment presently exists.

Multiple impairments that individually may not cause a substantial limitation may combine to create a significant restriction on the individual's major life activities.

An impairment is a disability if it substantially limits the ability of an individual to perform a major life activity as

16

compared to most people in the general population. An impairment need not prevent, or significantly or severely restrict, the individual from performing a major life activity in order to be considered substantially limiting.

The determination of whether an impairment substantially limits a major life activity must be made without regard to the ameliorative effects of mitigating measures, including, but not limited to, the use of medication.

An impairment that is episodic or in remission is a disability if it would substantially limit a major life activity when active. Diabetes constitutes one such episodic impairment and is considered a disability even if it is under control, since mitigating measures such as medicine are not considered.

However, temporary, non-chronic impairments of short duration, which have little or no long-term impact, such as broken limbs, sprained joints, concussions and influenza, do not qualify as a disability.

Major life activities include, but are not limited to, the following physical activities: Caring for oneself, performing

17

manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working.

Major life activities also include, but are not limited to, the following operation of bodily functions: functions of the immune system, normal cell growth, digestive, bowel, bladder, neurological, brain, respiratory, circulatory, endocrine, and reproductive functions. Also, hemic, lymphatic, musculoskeletal, special sense organs and skin, genitourinary, and cardiovascular.

Instruction No. 12

Under federal law, a "reasonable accommodation" may include, but is not limited to:

Reassignment to a vacant position,

A finite leave of absence if, upon returning to work following the leave, the employee will likely be able to resume her duties,

Job restructuring,

Part-time or modified work schedules, and

Other similar accommodations for individuals with Plaintiff's disabilities.

It is for you to determine whether the accommodations requested by Plaintiff are reasonable.

A reasonable accommodation does not include changing or eliminating any essential function of employment, shifting any of the essential functions of the subject employment to others, or creating a new position for the disabled employee.

Employees with disabilities should be given priority in transfer to a vacant position for which the employee is qualified.

19

In considering reassignment as a reasonable accommodation, an employer must take into account not only those positions currently available but also those that will become available within a reasonable period.

Instruction No. 13


The term "qualified individual" is defined under federal law as an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position she holds or desires. The individual must satisfy the requisite skill, experience, education, and other job-related requirements of the employment position.


Where a finite leave of absence would reasonably accommodate an employee's disability and permit her, upon her return, to perform the essential functions of the employment position, that employee is able to perform the essential functions of the employment position under federal law.

21

Instruction No. 14


A "substantial factor" in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

Instruction No. 15

Plaintiff alleges Defendant discriminated against her on the basis of her disability in violation of federal law when it terminated her employment.

To prevail on this claim, Plaintiff must prove each of the following elements by a preponderance of the evidence:

First, Plaintiff was an individual with a "disability" as defined under federal law;

Second, Plaintiff was a "qualified individual" as defined under federal law;

Third, Plaintiff's disability was a "motivating reason" in Defendant's decision to terminate Plaintiff's employment;

Fourth, Plaintiff was harmed; and

Fifth, Defendant's termination of Plaintiff's employment was a "substantial factor" in causing Plaintiff's harm.

23

Instruction No. 16


A "motivating reason" is a reason that contributed to the decision to take certain action, even though other reasons also may have contributed to the decision.

Instruction No. 17


Plaintiff alleges Defendant discriminated against her on the basis of her disability in violation of federal law when it failed to rehire her after she was medically released to return to work.


To prevail on this claim, Plaintiff must prove each of the following elements by a preponderance of the evidence:


First, Plaintiff was an individual with a "disability" as defined under federal law;


Second, Plaintiff was a "qualified individual" as defined under federal law;


Third, Plaintiff's disability was a "motivating reason" in Defendant's decision not to rehire her;


Fourth, Plaintiff was harmed; and


Fifth, Defendant's decision not to rehire Plaintiff was a "substantial factor" in causing Plaintiff's harm.

25

Instruction No. 18

Plaintiff alleges under California law that Defendant failed to engage in a good-faith interactive process with her to determine whether it would be possible to implement effective reasonable accommodations so that Plaintiff could have performed the essential job requirements of the position which she held or another vacant position for which she was qualified.

To prevail on this claim, Plaintiff must prove each of the following by a preponderance of the evidence:

First, Defendant knew that Plaintiff was an individual with a "physical disability" as defined under California law;

Second, Plaintiff requested that Defendant make reasonable accommodation for her physical disability so that she would be able to perform the essential job requirements of her position or of another vacant position for which she was qualified;

Third, Plaintiff was willing to participate in an interactive process to determine whether reasonable accommodation could be made so that she would be able to perform the essential job

requirements of her position or of another vacant position for which she was qualified;

Fourth, Defendant failed to participate in a timely good-faith interactive process to determine whether reasonable accommodation could be made so that Plaintiff would be able to perform the essential job requirements of her position or of another vacant position for which she was qualified;

Fifth, a "reasonable accommodation" as defined under California law was available;

Sixth, Plaintiff was harmed;

Seventh, Defendant's failure to engage in a good-faith interactive process was a "substantial factor" in causing Plaintiff's harm.

Instruction No. 19

The term "physical disability" is defined under California law to include a physiological disease, disorder, or condition that both affects one or more body systems, such as musculoskeletal and immunological, and limits a major life activity; having a record or history known by Defendant of having had such a condition; or being regarded or treated by Defendant as having had such a condition.

Diabetes constitutes a physical disability as a matter of law.

A physical disease, disorder or condition "limits" a major life activity if it makes the achievement of the major life activity more difficult for the individual as compared to an average person without such impairment.

The term "major life activity" is broadly construed. Major life activities include such basic functions as caring for oneself, performing manual tasks and working. Exclusion from a single job with a single employer constitutes a limitation on working.

28

Whether a physical condition "limits" a major life activity is determined without regard to corrective measures such as medications, assistive devices or reasonable accommodations.

Instruction No. 20


Under California law, a "reasonable accommodation" is a reasonable change to the workplace that allows an employee with a disability to perform the essential duties of the job held or desired.


Reasonable accommodations may include the following:

Changing job responsibilities;

Reassigning the employee to a vacant position for which the employee is qualified;

Holding a job open for an employee who needs time to recuperate or heal when it appears likely that the employee will be able to return to an existing position at some time in the foreseeable future;

Job restructuring, offering part-time or modified work schedules, and other similar actions.


If more than one accommodation is reasonable, an employer makes a reasonable accommodation if it selects one of those accommodations in good faith.

A disabled employee is entitled to preferential consideration in reassignment to vacant positions.

Employers have a duty to take affirmative steps to make known to disabled employees other job opportunities within the company and to determine whether the employee is qualified for those vacant positions.

Instruction No. 21

Plaintiff alleges that Defendant violated California law by failing to provide reasonable accommodation for her disability. To prevail on this claim, Plaintiff must prove each of the following by a preponderance of the evidence:

First, Defendant knew that Plaintiff was an individual with a "physical disability" as defined under California law;

Second, Plaintiff was able to perform the essential job duties of her position or another vacant position with or without a "reasonable accommodation" as defined under California law;

Third, Defendant failed to provide a reasonable accommodation, which would have enabled Plaintiff to perform the essential job duties of her position or another vacant position;

Fourth, Plaintiff was harmed; and

Fifth, Defendant's failure to provide reasonable accommodation was a "substantial factor" in causing Plaintiff's harm.

32

Instruction No. 22


Plaintiff alleges Defendant discriminated against her on the basis of her physical disability in violation of California law when it terminated her employment.

To prevail on this claim, Plaintiff must prove each of the following elements by a preponderance of the evidence:

First, Defendant knew that Plaintiff was an individual with a "physical disability" as defined under California law;

Second, Plaintiff was able to perform the essential job duties of the position held with or without reasonable accommodation;

Third, Plaintiff's disability was a "motivating reason" for Defendant terminating Plaintiff's employment;

Fourth, Plaintiff was harmed; and

Fifth, Defendant's termination of Plaintiff was a "substantial factor" in causing Plaintiff's harm.

33

Instruction No. 23

Plaintiff alleges Defendant discriminated against her on the basis of her physical disability in violation of California law when it failed to rehire her after she was medically released to return to work.

To prevail on this claim, Plaintiff must prove each of the following elements by a preponderance of the evidence:

First, Defendant knew that Plaintiff was an individual with a "physical disability" as defined under California law;

Second, Plaintiff was able to perform the essential job duties of the position(s) sought with or without reasonable accommodation;

Third, Plaintiff's disability was a "motivating reason" in Defendant's decision not to rehire her;

Fourth, Plaintiff was harmed; and

Fifth, Defendant's decision not to rehire Plaintiff was

34

a "substantial factor" in causing Plaintiff's harm.

Instruction No. 24

Plaintiff alleges that Defendant wrongfully retaliated against her for taking medical leave by failing to rehire her after she was medically released to return to work.

To prevail on this claim, Plaintiff must prove each of the following elements by a preponderance of the evidence:

First, Defendant failed to rehire Plaintiff after she was medically released to return to work;

Second, Plaintiff's taking medical leave was a "motivating reason" in Defendant's decision not to rehire her;

Third, Plaintiff was harmed; and

Fourth, Defendant's failure to rehire Plaintiff was a "substantial factor" in causing Plaintiff's harm.

Instruction No. 25


If you decide that Plaintiff has proved any of her claims against Defendant, you must also decide how much money will reasonably compensate Plaintiff for the harm. This compensation is called "damages." Plaintiff has the burden of proving damages by a preponderance of the evidence.


The amount of damages must include an award for each item of harm that was caused by Defendant's wrongful conduct, even if the particular harm could not have been anticipated.


Plaintiff does not have to prove the exact amount of damages that will provide reasonable compensation for the harm. However, you must not speculate or guess in awarding damages.

Instruction No. 26


        The damages claimed by Plaintiff for the harm caused by Defendant fall into two categories, which are called economic damages and noneconomic damages. You will be asked on the verdict form to state the categories of damages separately.

Instruction No. 27

The following are the specific items of economic damages claimed by Plaintiff:

Past and future loss of wages and benefits.

To recover damages for past lost wages and benefits, Plaintiff must prove the amount of wages and benefits that she has lost to date.

To recover damages for future lost wages and benefits, Plaintiff must prove the amount of wages and benefits she will be reasonably certain to lose in the future as a result of the harm caused by Defendant.

Any award for future economic damages should be reduced to present cash value.

Instruction No. 28

Defendant alleges that Plaintiff has failed to use reasonable efforts to mitigate her economic damages. To mitigate means to avoid or reduce damages.

To prevail on this defense, Defendant has the burden of proving the following elements by a preponderance of the evidence:

First, that Plaintiff failed to use reasonable efforts to mitigate her economic damages; and

Second, the amount by which Plaintiff's economic damages would have been mitigated.

40

Instruction No. 29


The following are the specific items of noneconomic damages claimed by Plaintiff:


Past and future emotional pain and distress, humiliation, anxiety, the loss of enjoyment of life, and embarrassment.


No fixed standard exists for deciding the amount of these noneconomic damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.


To recover for future noneconomic damages, Plaintiff must prove that she is reasonably certain to suffer that harm in the future.


For future noneconomic damages, determine the amount in current dollars paid at the time of judgment that will compensate Plaintiff for future noneconomic harm. Any award for future noneconomic damages should not be further reduced to present cash value.


41

Instruction No. 30


        Plaintiff is seeking damages from Defendant under multiple legal claims. However, each item of damages may be awarded only once, regardless of the number of legal claims on which Plaintiff may prevail.

Instruction No. 31


When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

43

Instruction No. 32


[A verdict form /Verdict forms] [has/have] been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson will fill in the form[s] that will be given to you, sign and date it and advise the United States Marshal's representative outside your door that you are ready to return to the courtroom.

Instruction No. 33

If it becomes necessary during your deliberations to communicate with me, you may send a note through the United States Marshal's representative, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.